J-S13025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TOSHAAN OLIVER | |
| Appellant | No. 3452 EDA 2015 |

Appeal from the PCRA Order October 26, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008556-2011

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                  **FILED MARCH 20, 2017**

Toshaan Oliver appeals *pro se* from the trial court's order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The trial court set forth the relevant factual background of the case as follows:

> On July 10, 2011, at approximately 2:30 a.m., Complainant[, Leonard Kobb,] was in his home on Reger Street in Philadelphia when he heard a commotion around the corner.  He approached the scene, described as "chaotic," [and] found his girlfriend, Theresa Martina ("Martina"), fighting with [Oliver's] girlfriend[,] Angie[,] and another woman.  There were approximately fifty people observing the altercation.  [Oliver] and Martina's brother, Reggie, were also about to fight at the scene.  Reggie and Martina's father attempted to break up the fight while other people in the crowd tried to hold back [Oliver].  Complainant

---

[*] Former Justice specially assigned to the Superior Court.

tried to intervene in the fight involving his girlfriend but was restrained.

[Oliver] briefly left the scene then returned from the direction of Seymour Street and approached Complainant. Complainant turned around and stood face-to-face with [Oliver]. [Oliver] stabbed Complainant in the face. After Complainant was stabbed, [Oliver] grabbed Angie and fled the scene on foot, in the direction of her house. As they walked away, Angie was talking animatedly to [Oliver].

Police arrived and arrested [Oliver] on Stenton Avenue, approximately four to five blocks from the crime scene. Complainant was transported to Einstein Hospital, where he was treated for the stab wound. Complainant received twenty stitches and was hospitalized for two days.

Trial Court Opinion, 3/8/16, at 3 (citations to record omitted).

In October 2012, Oliver was convicted, following a non-jury trial, of aggravated assault,[1] possession of an instrument of crime (PIC),[2] simple assault,[3] and recklessly endangering another person (REAP).[4] On January 18, 2013, the trial court sentenced Oliver to eight to sixteen years of incarceration for aggravated assault,[5] and a consecutive sentence of one to two years in prison for PIC, followed by four years of reporting probation.

_____

[1] 18 Pa.C.S. § 2702(a).

[2] 18 Pa.C.S. § 907(a).

[3] 18 Pa.C.S. § 2701(a).

[4] 18 Pa.C.S. § 2705.

[5] No further penalty was imposed on the simple assault or REAP; the charges merged with aggravated assault for sentencing purposes.

Oliver filed a direct appeal; on January 31, 2014, our Court affirmed Oliver's judgment of sentence. ***Commonwealth v. Oliver***, 413 EDA 2013 (Pa. Super. filed Jan. 31, 2014).

On March 31, 2014, Oliver filed a timely *pro se* PCRA petition. On July 1, 2014, the court appointed Attorney Stephen Thomas O'Hanlon to represent Oliver. On July 18, 2014, counsel filed a ***Turner***/***Finley***[6] letter asserting that the issues raised in Oliver's *pro se* petition were without merit and that he was seeking to withdraw from representation. On August 12, 2015, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Oliver's petition without a hearing and advising him that he had 20 days to respond to the notice. The notice also stated that:

> [t]he Court, after review of the record, finds that the PCRA petition lacks merit for the following reason:
>
> > Your attorney has determined that the issues raised in your *pro se* Post Conviction Relief Act petition are without merit. Counsel's letter pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988), is attached.

Pa.R.Crim. 907 Notice, 8/12/15.

On August 13, 2015, Oliver filed an amended PCRA petition. On October 26, 2015, the trial court dismissed the petition. On that same date, the court issued a "short certificate" indicating that Attorney O'Hanlon was permitted to withdraw as PCRA counsel.

---

[6] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988).

On November 4, 2015 and December 7, 2015, respectively, Oliver filed a timely notice of appeal and court-ordered Pa.R.A.P.1925(b) concise statement of matters complained of on appeal. On appeal, Oliver raises the following issues for our consideration:

(1) Appell[ate] counsel was ineffective for failing to raise trial counsel's ineffectiveness for trial counsel's failure to challenge the Commonwealth violating [Oliver's] 6th and 14th Amendment[ Rights] of the U.S. Constitution as well as the Appellant's due process clause rights.

(2) [Oliver's] trial counsel was ineffective and showed his lack of interest for not challenging the critical evidence to preserve any of the statemen[t]s that were made under oath, that was critical in proving [Oliver's] innocence.

(3) Trial counsel was ineffective for not having the medical records of the complaining witness's intoxification [sic] present for review.

The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Johnston***, 42 A.3d 1120, 1126 (Pa. Super. 2012).

Oliver claims that his due process rights were violated because he was never afforded the right to "confront his accuser." Oliver confuses his accuser with the daughter of the victim, Gabby Mason. Mason merely gave information leading to Oliver's arrest; she did not testify against him at trial. ***Commonwealth v. Williams***, 84 A.3d 680 (Pa. 2014) (under both Pa.Const. art. I., § 9 and U.S.Const. amend. VI, the accused has right to be

confronted with witnesses against him). Accordingly, we find no merit to this claim.

Oliver also alludes to the fact that there was a pre-trial suggestive identification by the victim, Kobb, which took place at the preliminary hearing; Oliver claims that counsel was ineffective[7] for not questioning Kobb about this identification, not filing a motion to suppress the identification, and for failing to object to inconsistent statements Kobb made at trial. Even if the identification claim had merit, because Oliver and the victim testified that they have known each other for twenty years (since childhood) and they were face-to-face during the attack, there was an independent basis to identify Oliver as the assailant. *Commonwealth v. Steward*, 775 A.2d 819 (Pa. Super 2001) (in determining whether independent basis for identification exists, reviewing court considers: (1) opportunity of witness to view criminal at time of crime; (2) witness's degree of attention; (3) accuracy of witness's prior description of criminal; (4) level of certainty demonstrated by witness at confrontation; and (5) length of time between crime and confrontation). Moreover, any claim regarding Kobb's alleged

_____

[7] With respect to claims of ineffective assistance of counsel, we begin with the presumption that counsel is effective. *Commonwealth v. Spotz*, 47 A.3d 63, 76 (Pa. 2012). To prevail on an ineffectiveness claim, a petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's action or inaction. *Id.* (citation omitted).

inconsistent statements made at trial regarding whether he saw anyone with weapons during the incident is also meritless. Kobb testified that he did not see anyone with weapons *prior* to Oliver returning and cutting him on his face. *See* N.T. Non-Jury Trial, 9/28/12, at 17-19. Accordingly, Oliver is not entitled to relief because he failed to suffer prejudice as a result of counsel's inaction and because counsel cannot be deemed ineffective for failing to raise a meritless issue. *Spotz*, *supra*.

In his final claim on collateral appeal, Oliver asserts that counsel was ineffective for not having Kobb's medical records introduced at trial in order to "show that the victim was too intoxicated on July 10, 2011, to make a positive identification [of Oliver] or anyone present on [that] night." Appellant's Brief, at 17.

At trial, the parties stipulated to Kobb's hospital report, which indicated that Kobb was intoxicated when he was admitted and would be discharged when he was sober. *See* N.T. Non-Jury Trial, 9/28/12, at 50-51. Therefore, the fact that the victim was intoxicated at the time of the attack was placed before the trial judge at Oliver's waiver trial. Accordingly, this claim has no merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/20/2017